UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-797-D |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

The Court is in receipt of the documents Petitioner David Brian Morgan has tendered in the above referenced matter. However, the documents are deficient in the areas indicated below:

__X__        The petition is not accompanied by payment of the $5.00 filing fee or an application for leave to proceed *in forma pauperis* application.

__X__        The petition is not on the proper form.

The filing fee for a petition for writ of habeas corpus is $5.00, as noted on the Court's current fee schedule. A petitioner must either pay the filing fee or submit an application requesting leave to proceed *in forma pauperis*—i.e., to proceed without full prepayment of this fee. If a petitioner seeks to proceed *in forma pauperis*, he or she must submit an application on the form approved and supplied by this Court. LCvR 3.2, 3.3(a), 3.5; R. 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Further, an applicant who is incarcerated is required by this Court's Local Civil Rules to provide the Court with certain information regarding his or her prison bank account(s), which must be certified by an appropriate prison official:

> In the case of a prisoner, such application must also include a certificate executed by an authorized officer of the appropriate penal institution stating: (1) the amount of money or securities currently on deposit to the prisoner's credit in any institutional account; (2) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the action; and (3) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the action.

LCvR 3.3(b).

Regarding the Petition itself, the filing is titled "Post Conviction Motion to File § 2241(c), Prosecutorial Misconduct." *See* Pet. (Doc. No. 1) at 1. But Petitioner's filing, in substance, challenges the validity of his state-court criminal conviction and sentence rather than the execution of his prison sentence. *See* Pet. at 1-3 (challenging the imposition of the conviction sentence imposed by the District Court of Oklahoma County due to illegality in the jury-summoning process and the length of incarceration ordered by the trial court). Petitioner's claims, therefore, appear to be properly brought pursuant to 28 U.S.C. § 2254, not § 2241. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section . . . 2241 is a vehicle for . . . attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citations omitted)). Further, Petitioner's filing does not use the Court's approved form and fails to provide the Court with the relevant information needed to address Petitioner's claims. *See* Pet. at 1-3; LCvR 9.2(a).

ACCORDINGLY, IT IS HEREBY ORDERED that Petitioner either shall pay the $5.00 filing fee or file an application seeking leave to proceed *in forma pauperis*, with the required signature and certified account information and on the Court's approved form, no later than **August 25, 2017**. *See* LCvR 3.3, 3.5. In addition, Petitioner shall resubmit his

2

habeas petition on the Court's approved § 2254 form, properly signed and including all applicable information, no later than **August 25, 2017.**

Failure to comply with any part of this Order may result in the striking of the Petition and dismissal of this action. *See* LCvR 9.2(a). The Clerk of the Court is directed to send the applicable *in forma pauperis* form and a 28 U.S.C. § 2254 petition form to Petitioner along with this Order.

IT IS SO ORDERED this 4th day of August, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE